UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.

DENISE ELAINE HERRERA,

   Plaintiff,

v.

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS, and
ROSALINE ECHO, individually,

   Defendants.

_____/

**COMMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DENISE ELAINE HERRERA ("Plaintiff"), by and through the undersigned

counsel, hereby sues Defendants, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and

ROSALINE ECHO, individually, ("Defendants"), and in support states as follows:

**<u>GENERAL ALLEGATIONS</u>**

1. This action is brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq.,

   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Americans

   with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), to redress injuries suffered by Plaintiff

   as a result of Defendants' unlawful discrimination, retaliation, and creation of a hostile work

   environment based on Plaintiff's sex and disability. This is also an action by Plaintiff for damages

   for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 because this action

   arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

   1367(a) because those claims arise from the same case or controversy as the federal claims over

   which this Court has original jurisdiction.

1

4. Plaintiff was employed by Defendant Cellco Partnership d/b/a Verizon Wireless at a facility located in Hillsborough County, Florida, within this judicial district.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District, and Defendant Cellco Partnership d/b/a Verizon Wireless conducts business within this District.

6. Defendant CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS is an "employer" within the meaning of the Florida Civil Rights Act, Fla. Stat. § 760.02, the Americans with Disabilities Act, 42 U.S.C. § 12111(5), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), in that it employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks during the relevant period.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act, Title VII, the ADA, and the FLSA.

8. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 511-2026-01688, which was dually filed with the Florida Commission on Human Relations ("FCHR").

9. Plaintiff received a Notice of Right to Sue from the EEOC and timely files this action.

10. All conditions precedent for the filing of this action have been satisfied, including the exhaustion of all pertinent administrative procedures and remedies.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above, together with attorneys' fees, costs, and damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed by Defendant as a Retail Business Account Manager on or about March 1, 2022.

13. Plaintiff's duties included prospecting business, making outbound calls, coaching teams, assisting

customers, providing customer service, making sales, and overseeing employees.

14. From the outset of her employment, Plaintiff was paid approximately $21.00 per hour and worked around fifty (50) hours per week.

15. Plaintiff is a woman diagnosed with depression, ADHD, PTSD, fatigue, and anxiety.

16. During Plaintiff's employment, she experienced ongoing issues with how she was treated compared to other employees.

17. Prior to 2025, Defendant only paid Plaintiff half-time for overtime hours, despite her working approximately ten (10) overtime hours per week.

18. Defendant eventually began paying Plaintiff time and one-half for overtime hours, but failed to pay Plaintiff the full overtime compensation owed for prior overtime hours worked.

19. Plaintiff raised concerns regarding compensation during her annual performance evaluation, including asking why she did not receive a three-percent (3%) raise when another employee, who received a lower evaluation score and had not shown improvement, still received that increase.

20. Plaintiff discussed this issue with her manager, Joseph Rufo, and Associate Director, Rosaline Echo.

21. After Plaintiff's promotion, she repeatedly contacted Defendant's Ethics Hotline and reported concerns directly to Human Resources, her Director, and her direct supervisor regarding unethical and fraudulent practices at her prior location.

22. These issues included opening accounts without customer knowledge or consent, creating lines of service fraudulently, misleading customers regarding promotions and credits, and denying veteran discounts.

23. On or about January 11, 2024, Plaintiff reported that she was being retaliated against and harassed after disclosing unethical practices at the Pinellas Park location, including that she had become a target, was excluded from communications, excessively micromanaged, dismissed, and punished for speaking up about unethical practices and Code of Conduct violations.

3

24. After making these reports, Plaintiff was transferred to a different location.

25. As a result of the work environment, Plaintiff's mental health significantly declined.

26. On or about March 12, 2025, Plaintiff reported that the South Tampa store manager verbally insulted her on the sales floor in front of other employees, managers, and customers, including by telling her, in substance, that she did not have the brains to multitask, continuing to pressure her after she stated she felt uncomfortable, and causing her to feel trapped, frightened, and unsafe.

27. Defendant's Human Resources department acknowledged Plaintiff's report and assigned an Employee Relations representative to speak with her further.

28. On or about late March 2025, Plaintiff went on approved FMLA leave due to mental health conditions that were caused or worsened by her job.

29. Plaintiff returned to work on or about June 3, 2025.

30. Plaintiff was prescribed medications including Doxepin, Lunesta, and Adderall, and she remained under the care of both a psychologist and a psychiatrist.

31. After returning from leave, Plaintiff continued to experience workplace issues, including problems with system access, compensation, and her ability to perform her job duties.

32. Plaintiff later began experiencing harassment and intimidation from Store Manager Phillip Shakespear, including him slamming his hand on Plaintiff's desk while demanding her schedule, telling staff he would get angry if inventory was not sold, refusing to assist customers, acting aggressively toward female customers, and making inappropriate comments about women.

33. Plaintiff also reported that Phillip Shakespear and male employees discussed women's bodies and made inappropriate sexual comments at work.

34. Plaintiff reported Phillip Shakespear's conduct to her Director, who then contacted Human Resources.

35. Plaintiff also reported these safety concerns by text message to Rosaline Echo and stated that she did not feel secure at the South Tampa location. Thereafter, Plaintiff's Director attempted to

4

request an accommodation for Plaintiff, including another transfer, but the accommodations team stated that the request had to be handled through Human Resources.

36. Plaintiff's therapist recommended a workplace accommodation so that Plaintiff could have Mondays off to attend therapy due to Plaintiff's mental health conditions and ongoing safety concerns, and Defendant approved Plaintiff's request.

37. Plaintiff also sought clarification regarding a workplace accommodation request for relocation based on her safety concerns and the toxic work environment. On or about November 20, 2025, Plaintiff informed Defendant's Medical Accommodations representative that she had been selected for layoff and believed her accommodation request may have been one of the reasons for the decision.

38. Despite Plaintiff's approved accommodation and ongoing complaints, Defendant later informed Plaintiff that she was being replaced due to company restructuring.

39. On or about November 20, 2025, Plaintiff was provided with a severance package that included approximately $11,000, two months of continued benefits, an employee phone discount, and 60 days of workforce support intended to help her find new employment.

40. On or about that same date, Defendant conducted a mass layoff, and Plaintiff was the only employee selected for layoff from the store where she was working.

41. Shortly before this decision, Plaintiff spoke with the Director of the Business Channel and disclosed the full history of the hostile work environment, unethical practices, safety issues, accommodation issues, and her prior complaints.

42. Not long after that conversation, Defendant placed Plaintiff in the layoff.

43. Plaintiff was ultimately terminated on or about December 19, 2025.

44. Plaintiff believes Defendant selected her for termination in retaliation for reporting unethical practices, a hostile and unsafe work environment, and management misconduct to Human Resources, Ethics, and company leadership.

5

45. Plaintiff also believes Defendant discriminated against her because of her gender and disabilities, including her mental health conditions, and that her need for medical treatment and accommodation played a role in the decision to terminate her employment.

46. Throughout her employment, Plaintiff performed her job duties and responsibilities at a satisfactory or above-satisfactory level, including receiving positive performance reviews and being identified as a top performer.

47. Any reason provided by Defendant for Plaintiff's discipline, layoff, or termination is a pretext for unlawful discrimination and retaliation.

48. The acts of discrimination, harassment, and retaliation described above constitute a continuing violation, as at least one act occurred within the applicable filing period and the earlier acts are part of the same unlawful employment practice.

49. Plaintiff has retained the undersigned counsel to protect her rights and interests and is obligated to pay reasonable attorneys' fees.

### COUNT I
### *Disability Discrimination in Violation of the Florida Civil Rights Act*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

51. Plaintiff has been diagnosed with depression, ADHD, PTSD, fatigue, and anxiety, which substantially limits one or more major life activities, including but not limited to normal cognitive functioning, orientation, and the ability to work, and is thus a member of a protected class under the FCRA.

52. Plaintiff was regarded as having or known to have a disability by Defendant and Defendant's agents.

53. By the conduct described above, Defendant engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

6

54. Such discrimination was based upon Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

55. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

56. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

57. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

59. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff and did so despite its knowledge of said employees engaging in discriminatory actions.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under state law.

62. The actions of Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish Defendant for its actions and to deter it and others from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, find that Defendant violated the FCRA, and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation.

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D.  Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position.

E.  Reinstate full fringe benefits and seniority rights to Plaintiff.

F.  Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay, and prejudgment interest.

G.  For a money judgment representing prejudgment interest.

H.  Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I.  Grant Plaintiff a trial by jury.

J.  Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *Sex Discrimination in Violation of the Florida Civil Rights Act*

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

65. At all times material hereto, Defendant Cellco Partnership d/b/a Verizon Wireless failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10, which makes it an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or

8

otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."

66. The FCRA prohibits an employer from making employment decisions, or from taking personnel action affecting the terms, conditions, or privileges of employment, on the basis of sex.

67. Plaintiff is a female former employee of Defendant and is a member of a class of persons protected from discrimination in their employment under the applicable statute, the FCRA.

68. At all times material hereto, Plaintiff possessed the requisite qualifications and skills necessary to perform the essential duties of her position with Defendant.

69. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to discrimination and harassment based on her sex.

70. Such discrimination was based on Plaintiff's sex in that Plaintiff would not have been the object of discrimination and harassment but for the fact that Plaintiff is female.

71. At all times material hereto, Defendant was made aware of the harassment that Plaintiff endured based on her being female.

72. Defendant did not take any reasonable or meaningful actions to address Plaintiff's complaints regarding the discrimination complained of herein.

73. As a direct and proximate result of Defendant's unlawful acts, as alleged herein, Plaintiff has suffered great and irreparable economic harm and other associated losses, including, but not limited to, the deprivation of her rights, exposure to ridicule and embarrassment, and emotional distress and damage.

74. Moreover, as a further result of Defendant's unlawful, sex-based discrimination towards Plaintiff, Plaintiff has been compelled to file this action and has incurred the costs of litigation.

75. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

9

76. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

77. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff and did so despite its knowledge of said employees engaging in discriminatory actions.

78. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under state law.

79. The actions of Defendant and/or its agents were willful, wanton, and intentional, and done with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish Defendant for its actions and to deter it and others from such action in the future.

80. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E.  Award Plaintiff the costs of this action, together with reasonable attorney's fees.

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Retaliation in Violation of the Florida Civil Rights Act

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

82. Defendant is an employer as that term is used under the applicable statutes referenced above.

83. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in statutorily protected activity under the FCRA.

84. The foregoing unlawful acts by Defendant were purposeful.

85. Plaintiff engaged in statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between Plaintiff's protected activity, Plaintiff's complaints to Defendant, and the adverse employment action taken thereafter.

86. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

87. These damages are continuing and permanent.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, find that Defendant violated the FCRA, and in addition, order the following additional relief:

11

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay, and prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## <u>COUNT IV</u>
### *Hostile Work Environment in Violation of the Florida Civil Rights Act*

88. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

89. Defendant is an employer as that term is used under the applicable statutes referenced above.

90. The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff under the FCRA.

91. Plaintiff is an individual with a disability or perceived disability, and a member of a protected class under the FCRA.

12

92. The harassment Plaintiff endured was severe or pervasive, as Plaintiff agonized over going to work and continually feared the harassment. Such conduct occurred during Plaintiff's workdays, where she was constantly being pointed out because of her conditions of depression and anxiety, and the employer's behavior was demonstrably abusive, causing alterations to the conditions of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was terminated.

93. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

94. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

95. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, find that Defendant violated the FCRA by failing to remedy this hostile work environment, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E.  Reinstate full fringe benefits and seniority rights to Plaintiff.

F.  Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay, and prejudgment interest.

G.  For a money judgment representing prejudgment interest.

H.  Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I.  Grant Plaintiff a trial by jury; and

J.  Grant such other and further relief as the Court deems just and proper.

<u>**COUNT V**</u>
***Disability Discrimination in Violation of the ADA***

96. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

97. Plaintiff has been diagnosed with depression, ADHD, PTSD, fatigue, and anxiety, and is a member of a protected class under the ADA.

98. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

99. Such discrimination was based on Plaintiff's disability or perceived disability; Plaintiff would not have been the object of discrimination but for that disability.

100. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

101. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

102. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff and did so despite its knowledge of said employees engaging in discriminatory actions.

103. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

104. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

105. The actions of Defendant and/or its agents were willful, wanton, and intentional, and were made with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish Defendant for its actions and to deter it and others from such action in the future.

106. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E.  Award Plaintiff the costs of this action, together with reasonable attorney's fees.

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT VI</u>**
***Retaliation in Violation of the ADA***

107. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

108. Defendant is an employer as that term is used under the applicable statutes referenced above.

109. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in statutorily protected activity under the ADA.

110. The foregoing unlawful acts by Defendant were purposeful.

111. Plaintiff engaged in statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between Plaintiff's protected activity, Plaintiff's complaints to Defendant, and the adverse employment action taken thereafter.

112. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

113. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, find that Defendant violated the ADA, and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the ADA.

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay, and prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT VII
### *Hostile Work Environment in Violation of the ADA*

114. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

115. Defendant is an employer as that term is used under the applicable statutes referenced above.

116. The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff under the ADA.

117. Plaintiff is an individual with a disability, and a member of a protected class under the ADA.

118. The harassment Plaintiff endured was severe or pervasive, as Plaintiff agonized over going to work and continually feared the harassment. Such conduct occurred during Plaintiff's workdays, where she was constantly being pointed out because of her conditions of depression and anxiety, and the employer's behavior was demonstrably abusive, causing alterations to the conditions of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due

17

to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was terminated.

119. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

120. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

121. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, find that Defendant violated the ADA by failing to remedy this hostile work environment, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the ADA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay, and prejudgment interest.

G. For a money judgment representing prejudgment interest.

H.  Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I.  Grant Plaintiff a trial by jury; and

J.  Grant such other and further relief as the Court deems just and proper.

### COUNT VIII
*Violation of Title VII of the Civil Rights Act of 1964: Discrimination Based on Sex*

122.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

123.  Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964.

124.  By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected Plaintiff to sex-based animosity.

125.  Such discrimination was based upon Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

126.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

127.  At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

128.  Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff and did so despite its knowledge of said employees engaging in discriminatory actions.

129.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

130.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

131. The actions of Defendant and/or its agents were willful, wanton, and intentional, and were made with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish Defendant for its actions and to deter it and others from such action in the future.

132. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated Title VII of the Civil Rights Act of 1964, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

    E. Award Plaintiff the costs of this action, together with reasonable attorney's fees.

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT IX</u>**
***Violation of Title VII of the Civil Rights Act of 1964: Retaliation***

133. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

20

134. Defendant is an employer as that term is used under the applicable statutes referenced above.

135. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under Title VII, 42 U.S.C. § 2000e et seq.

136. The foregoing unlawful actions by Defendant were purposeful.

137. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

138. Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

139. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

140. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff prays that this Court will:

A. Declare that the acts complained of herein are in violation of Title VII of the Civil Rights Act of 1964.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

21

E.   Reinstate full fringe benefits and seniority rights to Plaintiff.

F.   Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay, and prejudgment interest.

G.   For a money judgment representing prejudgment interest.

H.   Award any other compensation allowed by law, including punitive damages and attorney's fees.

I.   Grant Plaintiff's costs of this action, including reasonable attorney's fees.

J.   Grant Plaintiff a trial by jury.

K.   Grant such other and further relief as the Court deems just and proper.

## COUNT X
### *Violation of Title VII of the Civil Rights Act of 1964: Hostile Work Environment*

141. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

142. Plaintiff is a woman and is a member of a protected class under Title VII.

143. During her employment, Defendant subjected Plaintiff to unwelcome harassment based on her sex, as described in the factual allegations above.

144. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. The conduct recurred throughout Plaintiff's tenure and was not limited to isolated incidents.

145. Defendant is liable for this conduct because Plaintiff's supervisor was a source of the harassment, and Defendant failed to take remedial action despite Plaintiff's internal complaints.

146. The harassment constitutes a continuing violation. At least one act occurred within the applicable limitations period, and the earlier acts are part of the same unlawful employment practice.

147. As a direct and proximate result, Plaintiff has suffered mental anguish, emotional distress, lost wages, lost benefits, humiliation, and damage to reputation.

22

148. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. Declare that Defendant's acts violated Title VII;

B. Award Plaintiff compensatory damages for emotional distress;

C. Award Plaintiff back pay, front pay, lost benefits, and prejudgment interest;

D. Award punitive damages;

E. Award Plaintiff attorney's fees and costs; and

F. Grant such other and further relief as the Court deems just and proper.

## COUNT XI
### *Wage & Hour Federal Statutory Violation Against CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS*

149. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

150. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

151. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

152. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported across state lines, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

153. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000 per annum, and Defendant otherwise satisfies the FLSA's coverage requirements.

154. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Plaintiff's work for Defendant likewise affects interstate commerce.

155. Plaintiff seeks to recover unpaid wages accumulated during the applicable statutory period.

156. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by Defendant to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA.

157. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these unpaid wages during the applicable statutory period. As such, Plaintiff is entitled to recover double damages.

158. Upon information and belief, Defendant failed to post the notice required by the Fair Labor Standards Act and 29 C.F.R. § 516.4 advising employees of their rights to overtime and minimum wage.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime

compensation for hours worked in excess of forty (40) hours weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
### FLSA Retaliation against CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

164. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

165. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee."

166. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

167. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendant's unlawful wage and overtime practices.

168. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages.

C. Award front pay in lieu of reinstatement, in an amount to be proved at trial; and

25

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

E.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

**Plaintiff demands a trial by jury on all issues so triable.**

Dated: April 30, 2026

Respectfully submitted,

By: /s/ Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
pmh@rgph.law
Florida Bar No. 188239
**REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd
Coral Gables, Florida 33134
Telephone: (305) 416-5000